UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REINALDO GLOVER,

Plaintiff,

v. Case No. 3:24-cv-1107-BJD-SJH

RICKY DIXON and C. CAMACHO,

Defendants.

---

**PROTECTIVE ORDER**

Based on a finding of good cause, the Court hereby enters the instant Protective Order.

The following discovery materials are presumptively protected:

a. Video recordings that depict prison security infrastructure;

b. Photographs that depict prison security infrastructure;

c. Photographs of law enforcement staff for identification;

d. Floor plans of incarceration facilities;

e. Dorm and Control Room logs of incarceration facilities;

f. Law enforcement policies and procedures designated as restricted.

Protected materials are nonetheless subject to production *unredacted* (except as noted below) with the additional condition that they will not be publicly disseminated by any party. Protected materials shall be submitted for filing under seal in accordance with Local Rule 1.11, unless the parties agree that certain items do not need to be

under seal. Protected materials suitably redacted may be filed by agreement of the parties or by further Order of this Court.

**Redaction**. All discovery materials may be redacted to the following extent:

a. Proprietary Trade Secrets information;

b. Employee I.D. numbers;[1]

c. Home address, home phone, and family information;[2]

d. Proprietary Financial Account information;[3]

e. Redactions pursuant to Fed. R. Civ. P. 5.2.[4]

Otherwise, all discovery materials, including protected materials, will be produced unredacted (except for redactions recognized by this Order, above, as inherently non-material). Protected materials shall be submitted for filing under seal pursuant to Local Rule 1.11 or filed with appropriate redactions as agreed by parties with a protectible interest in whether the materials are redacted, *vel non*, or by further Order of this Court.

---

[1] Unless necessary to determine the identity of an employee where that may be a material issue.

[2] Unless necessary for service of process on a former employee with no known work address.

[3] Unless necessary for determination of assets where a defendant argues limitations of assets as to punitive damages.

[4] Noting that birth year and last four digits of Social Security numbers and account numbers must not be redacted.

Despite the presumption, a Party may challenge the special protection of any discovery materials for a showing of "good cause" pursuant to Fed. R. Civ. P. 26. This Order does not apply to materials already in the public domain.

The following definitions shall apply to this Protective Order:

a. "Parties" shall refer to the Plaintiff and each Defendant.

b. "Qualified person(s)" shall mean and refer to:

i. Counsel for the Parties and their employees;

ii. The Parties (with the exception that incarcerated Parties may review but not possess or retain protected materials);

iii. Expert witnesses and expert consultants for the Parties;

iv. Legal service providers, including court reporters and printers;

v. Deponents, to the extent needed in deposition;

vi. The Court and Court personnel;

vii. Other persons only on order of the Court.

Protected materials as provided in this Order shall be disclosed only to Qualified Persons as noted above. Such materials, if filed, shall be submitted for filing under seal pursuant to Local Rule 1.11.

Protected materials as provided in this Order may be temporarily retained by expert witnesses or expert consultants retained by a Party only after executing the Acknowledgment and Agreement (Exhibit A) agreeing to be subject to its terms.

Counsel sharing the confidential materials shall maintain a log of all persons who have been provided confidential discovery materials.

Protected discovery materials as provided in this Order, when filed under seal, must follow CM/ECF procedures for filing documents under seal. When protected materials as provided in this Order are expected to be presented in any pretrial proceeding, counsel for any Party may apply to the Court to limit persons permitted to be present. Nothing herein alters the requirements of applicable law or Local Rule 1.11, and a party seeking to maintain any materials under seal or to limit persons permitted to be present during any proceeding has the burden of demonstrating that the requested relief is warranted.

Any party may apply to the Court for the designation of additional materials or categories of materials as presumptively protected. If any Party objects to the designation of any material as "protected," the objecting party shall so notify the producing party in writing. In the event that a dispute arises about the protection of any material or a Party's duty to produce materials under this Order, the Parties shall confer in good faith to resolve the dispute prior to seeking relief.

Producing or receiving materials or otherwise complying with the terms of this Order shall not:

a. Operate as an admission by any party that any particular discovery material is entitled to protection; or

b. Prejudice the right of a party to object to production of materials it considers not subject to discovery for reasons other than privilege; or

c. Prejudice the rights of a party to seek a court determination whether particular discovery material should be produced; or

d. Prejudice the rights of a party to apply to the court for a further protective order relating to any discovery material.

If any party learns that, by inadvertence or otherwise, protected material has been provided to any person not authorized under this Order, the party must, not later than 14 calendar days after learning of the disclosure, (a) notify in writing the other parties of the provision; (b) use its best efforts to retrieve all unauthorized copies of the protected materials; (c) inform the person or persons to whom unauthorized provision was made of all the terms of this Order.

Within thirty (30) days of conclusion of this litigation including appeals thereof, materials protected under this Order that were supplied by the parties shall be returned to the producing party or destroyed. All protected materials governed by this Order which are electronically stored must be permanently deleted. To prevent the content of a sealed item from appearing on the docket after the seal expires, the parties or interested non-parties must comply with Local Rule 1.11(e).

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of December, 2025.

Samuel J. Horovitz
United States Magistrate Judge

JAX-11 12/16
c:
Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REINALDO GLOVER,

Plaintiff,

v. Case No. 3:24-cv-1107-BJD-SJH

RICKY DIXON and C. CAMACHO,

Defendants.

______________________________________

**Exhibit A**

**ADDENDUM TO PROTECTIVE ORDER**

The undersigned has been engaged as a consultant or expert in the above referenced action and hereby acknowledges that he/she has read the Protective Order in this cause, understands the provisions of the Order, and agrees to comply with the Order.

The material or information is being disclosed pursuant and subject to the Order and may not be disclosed other than pursuant to its provisions.

Date:_____________, 20___.

__________________________________ __________________________________
PRINTED NAME SIGNATURE