UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REINALDO GLOVER,

      Plaintiff,

v.                                      Case No. 3:24-cv-1107-BJD-SJH

RICKY DIXON and C. CAMACHO,

      Defendants.
_____

## HIPAA-QUALIFIED PROTECTIVE ORDER

      The parties are engaged in discovery in a case that may include material evidence involving injuries, illness, or treatment, appearing in records kept in medical and non-medical files. In accordance with regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), including 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), the Court hereby enters a HIPAA-Qualified Protective Order, as the term is defined in these rules.

      For purposes of this Order, "Protected Health Information" or "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

This order shall apply to all "covered entities" as defined by 45 C.F.R. § 160.103, all health care providers involved with health care at institutions operated by or for the Florida Department of Corrections (FDC), and all employees or agents of FDC who create or maintain prison records dealing with injuries or treatment, or any other state agencies that create or maintain records incidental to their investigations and reports relating to FDC.

Persons and entities subject to this Order are hereby authorized and ordered to disclose unredacted to counsel for parties to this action for purposes of litigation:

a. Records relating to Plaintiff's injuries as a result of the matter sued upon and existing medical conditions and any related examination and treatment of the injuries or investigation of underlying events.

b. Records relating to injuries to any other person as a result of the matter sued upon and any related examination and treatment of the injuries or investigation of underlying events.

c. Other records that may be relevant to the claims or defenses of any Party that are deemed to constitute or include PHI.

To the extent that these materials suggest further productive avenues of discovery, a party can seek, on a showing of good cause, to apply the protections of this Order to other categories of records and information. Parties may not assert a discovery objection based on the fact that records or information sought contain PHI protected by HIPAA, unless it falls outside the scope of this Order. Before production, a party shall mark any file containing PHI with the words: "Protected Health Information Subject to HIPAA Qualified Protective Order."

Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the parties and their attorneys shall be allowed to use or disclose PHI for this litigation, and any appeals, settlement, enforcement, or monitoring that may result. This includes disclosure to the presiding Judge and the Judge's support staff, the parties and the parties' employees, their attorneys of record, the attorneys' firms (i.e., attorneys and support staff), the parties' insurers, experts, consultants, mediators, court reporters, videographers, and copy services but may not use the PHI for any other purpose.

If a party wishes to file PHI with the Court, it must be submitted with a motion for filing under seal pursuant to Local Rule 1.11 with the exception that any party may file unsealed his or her own PHI or PHI obtained by consent. Discretion to seal, *vel non*, remains with the Court. Moreover, any party may file unsealed a pleading or document with the Court that describes, summarizes, quotes, or contains PHI as long the subject of the PHI is not identified. Unredacted documents containing PHI should be so identified and, if filed with the Court, be submitted with a motion to seal. If a party moves a record containing PHI into evidence as part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

Prior to disclosing PHI to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the PHI for any purpose other than this litigation. This shall include, but not be limited to, informing each such person that the PHI may not be used or disclosed for any purpose other than this litigation.

Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days of the conclusion of this action, any recipient of PHI under this Order shall either return the PHI to the covered entity that provided it or destroy it (including all copies). For purposes of this Order, the conclusion of his action shall mean the point at which litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, expiration of time for any party to seek further appellate review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminates.

This Order does not control or limit the use of PHI that was received by means other than through this Order (for example, through consent of the individual or through a public records request).

If any party learns that, by inadvertence or otherwise, PHI has been disclosed to any person or in circumstance not authorized under this Order, the party must, not later than 14 calendar days after learning of the disclosure, (a) notify in writing the other parties of the unauthorized disclosures; (b) use best efforts to retrieve all unauthorized copies of the Protected Health Information; (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of December, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

JAX-11 12/16
c:
Counsel of Record

5