# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

REINALDO GLOVER,

    Plaintiff,

vs.

RICKY DIXON and C. CAMACHO, et al.,

    Defendants.

Case No. 3:24-cv-1107-BJD-SJH

## PLAINTIFF'S MOTION TO REOPEN THE CASE AND UNOPPOSED MOTION TO EXTEND ALL DEADLINES FOR 45 DAYS

COMES NOW, Plaintiff REINALDO GLOVER, through counsel and, pursuant to the Court's Order, Doc. 28, moves this Honorable Court to reopen the case, and seeks an additional 45 days to serve any additional Defendants, respond to any further motions and comply with the other terms of the Order, including a conference to seek to settle the case short of trial. Plaintiff would show Defendants do not object to the extension of time, and would show:

1. Plaintiff has received substantial evidence in this case very recently after protective orders were entered that clear the way for a freer production.[1]

2. If the case cannot be resolved through a settlement conference, Plaintiff would seek production of further evidence essential for trial, including personnel, classification, and a few other records, from the Department of Corrections

---

[1] Plaintiff would like to explain that the reason he framed his motions for protective orders as "time sensitive" is that he was facing today's deadline for a response to the Defense Motion to Dismiss.

1

(FDC) through a Fed.R.Civ.P. 45 subpoena and a small number of depositions.

3. If the Court does not grant Plaintiff's Motion to Amend, Plaintiff will ask for leave to respond to the Motion to Dismiss the Amended Complaint.

4. Plaintiff does not wish to unnecessarily delay proceedings but only to secure evidence needed for resolution of the case on the merits if settlement fails.

5. Plaintiff has argued in his Motion to Amend that the Defense has already effectively sought summary judgment based on the video evidence it considers dispositive and that the only further resorts that remain are settlement or trial.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16(b) gives district courts "wide latitude in entering scheduling orders" *Burks v. Oklahoma Publishing Co.*, 81 F.3d 975, 978 (10th Cir. 1996). Once entered, district courts may modify scheduling orders upon a showing of "good cause," Fed. R. Civ.P. 16(b), and their decisions are reviewed for abuse of discretion. Id. "Good cause" must include a showing that Plaintiff has acted with diligence. *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed.R.Civ.P. 16 advisory committee's note).

Plaintiff has shown diligence litigating his case *pro se* and until very recently, navigating the sometimes treacherous waters of discovery alone. Plaintiff still lacks essential records necessary to allow him to prove his case at trial if needed. Plaintiff seeks another 45 days to serve any additional defendants, to serve a Fed.R.Civ.P. 45 subpoena for limited evidence that will allow him to

challenge the Defendants' version of events with a minimum of delay. Plaintiff seeks leave to serve a Rule 45 subpoena with a 20-day return to secure essential records. Plaintiff submits that there will be no prejudice to Defendants. Plaintiff will share with Defendants all records that are intended as exhibits.

Adding the missing pieces of discovery will serve the interests of justice and judicial economy by speeding and simplifying the proof of Plaintiff's case and secure the presumptive goals of resolution of the case on the merits. Permitting a plaintiff who has been disadvantaged to go to trial with a completed record would be consistent with the tradition of a "preference that cases be heard on the merits." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). In general, a court "vastly prefers to decide cases on their merits," rather than exclude potential evidence. *Collins v. United States*, 2010 WL 4643279, at *5 (M.D.Fla. Nov.9, 2010) (citation omitted). *Graphic Packaging Intern., Inc. v. C.W. Zumbiel Co.*, 3:10-CV-891-J-37JBT, 2011 WL 5357833, at *2 (M.D. Fla. Nov. 3, 2011). Denying Plaintiff an opportunity to conduct limited, focused discovery to bring known and obtainable evidence to trial would be harsh given the minimal delay and federal courts' "strong preference for resolving disputes on the merits when possible" *United States v. $34,796.49, more or less, in U.S. Currency*, CIV.A. 14-0561-WS-B, 2015 WL 1643582, at *6 (S.D. Ala. Apr. 13, 2015).

WHEREFORE, Plaintiff moves this Honorable Court to reopen this case for service of any additional parties, to allow the parties to make efforts at

settlement, and, failing that, to set the case for trial after further limited discovery.

                        Respectfully Submitted,   */s/ James V. Cook*
                                                               JAMES V. COOK, ESQ.
                                                               Florida Bar Number 0966843
                                                               Law Office of James Cook
                                                               314 West Jefferson Street
                                                               Tallahassee, FL 32301
                                                               (850) 222-8080; 561-0836 fax
                                                               cookjv@gmail.com

                                                               <u>Attorney for Plaintiff</u>

I CERTIFY that Plaintiff, through counsel, has conferred in good faith with opposing counsel for Defendants who does NOT object to the extension.

I CERTIFY the foregoing was filed electronically on 12/22/2025, serving counsel of record registered with the CM/ECF electronic filing system.

                                                                                                     *s/James V. Cook*